1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   NORTH AMERICAN LUBRICANTS
     COMPANY,
11

12             Plaintiff,              No. CIV S-11-1284 KJM GGH

13        v.

14   SHANE A. TERRY, et al.,

15
               Defendants.            ORDER
16   _____/

17            Presently before the court is plaintiff's motion to withdraw admissions, which was

18   filed on December 1, 2011 and came on regularly for hearing on January 12, 2012.  (Dkt. No.

19   42.)  On January 5, 2012, the parties filed their joint statement regarding the discovery

20   disagreement pursuant to E.D. Cal. L.R. 251 (dkt. nos. 63, 64[1]), along with declarations by

21   counsel  (dkt. nos. 62, 66).

22            At the hearing, Robert Weems appeared on behalf of plaintiff, and Matthew

23   Ruggles and Eric Ostrem appeared on behalf of defendants.  Having reviewed the parties' joint

24   statement, the court's record in this matter, and the applicable law, the court now issues the

25   _____

26        [1] Docket Nos. 63 and 64 both appear to be the same document, i.e. two identical copies of
     the parties' joint statement regarding the discovery disagreement.

                                          1

1  following order.

2  BACKGROUND

3              Facts Giving Rise to the Litigation

4              The background facts are taken from the operative complaint filed on May 13,

5  2011.  (Dkt. No. 1.)  Plaintiff North American Lubricants Company ("NALC") is a manufacturer

6  and wholesale distributor of lubricating oils, primarily passenger car motor oil in the "do it for

7  me" market.  (See Complaint, Dkt. No. 1 ["Compl."] ¶ 31.)  NALC services its customers

8  through a network of authorized blenders, distributors and/or dealers of its products and services.

9  (Compl. ¶ 44.)  These customers market, sell, install, and maintain plaintiff's products for their

10  customers, but these entities may also market, sell, install, and maintain products manufactured

11  by plaintiff's competitors.  (Id.)

12              Defendant Shane Terry was the president of NALC from November 2005 until he

13  resigned on January 26, 2011 and formed a new company, defendant United Petroleum

14  Company, LLC ("UPC"), which offers products and/or services that compete with NALC.

15  (Compl. ¶¶ 8, 45, 45, 47, 49.)  At least two of NALC's former national account sales managers,

16  defendants Goldman and Hensing, also joined UPC in the first half of 2011.  (Compl. ¶¶ 10, 11.)

17  The remaining defendants are other executives, members, and/or directors of UPC.  (Compl. ¶¶

18  13-16.)

19              In this action, NALC alleges that defendants committed a variety of wrongful

20  conduct, including defendants Terry, Goldman, and Hensing accessing and transmitting NALC's

21  confidential information to one or more of defendants before leaving their employment with

22  NALC; soliciting NALC's employees and customers; using NALC's customer contact

23  information, customer account information, and sales and pricing data; and using logos,

24  advertising, and trade dress for UPC products that are confusingly similar to NALC's trademark

25  and advertising.  (Compl. ¶¶ 47-48, 59, 99-101, 109, 116.)  NALC asserts the following causes of

26  action: (1) violation of the Computer Fraud and Abuse Act; (2) violation of the Arizona Trade

Secrets Act; (3) misappropriation/conversion; (4) breach of contract; (5) breach of implied covenant of good faith and fair dealing; (6) tortious interference with contract; (7) unfair competition (Lanham Act sections 32 and 43(A)); (8) unfair competition (common law); (9) unfair business practices; and (10) breach of fiduciary duty by corporate officers/managers. (Compl. ¶¶ 94-172.)

The parties have already held the Fed. R. Civ. P. 26(f) conference and commenced discovery.

<u>Facts Related to the Discovery Dispute</u>

On October 13, 2011, defendants served plaintiff with its Requests for Admission, Set One, ("RFAs") by mail, containing the following 13 requests:

1.  The identities of the customers YOU allege are YOUR trade secret are READILY ASCERTAINABLE BY PROPER MEANS.

2.  The identities of the suppliers that YOU allege are YOUR trade secret are READILY ASCERTAINABLE BY PROPER MEANS.

3.  No DEFENDANT MISAPPROPRIATED any information YOU contend is a TRADE SECRET belong to YOU.

4.  No DEFENDANT converted any information belonging to YOU.

5.  No DEFENDANT infringed on any trade mark or trade dress belonging to YOU.

6.  Defendant Shane Terry did not ACCESS any NALC computer or database after January 26, 2011.

7.  Defendant Michael Goldman did not ACCESS any NALC computer or database after April 22, 2011.

8.  Defendant Gavin Helsing did not ACCESS any NALC computer or database after April 18, 2011.

9.  YOU instructed Tim Genrich to respond to a UPC job advertisement and attend an interview with Defendant Claude Terry in order to gather information about UPC.

10.  Many lubricant distributors in YOUR INDUSTRY purchase from multiple suppliers.

11.  Defendant Shane Terry left the NALC offices in Scottsdale, Arizona at approximately 9 a.m. on January 26, 2011, and never returned to the NALC offices in Scottsdale, Arizona.

12.  Defendant Shane Terry did not ACCESS his NALC computer after 9 a.m. on January 26, 2011.

13.  Defendants Paul A. Ormond, Ralph H. Palmen, and Gary B. O'Malley are only passive investors in UPC without involvement in UPC's day-to-day activities.

(Dkt. No. 62, Ex. A; Dkt. No. 63 at 5.)  Both parties agree that plaintiff's responses to the RFAs were due November 15, 2011, but that plaintiff's responses were untimely served on November 21, 2011.  (Dkt. No. 62, ¶ 2; Dkt. No. 63 at 5.); see also Fed. R. Civ. P. 6(d), 36(a)(3).  Plaintiff asserts that its "failure to timely file responses was due to inadvertent miscalendaring of the response date by reference to the California Rules of Civil Procedure."  (Dkt. No. 63 at 6.)

On November 23, 2011, plaintiff filed its initial motion to withdraw the deemed admissions, noticed for hearing on December 15, 2011.  (Dkt. No. 40.)  After defendants' counsel pointed out a conflict between the hearing date and a previously scheduled deposition (dkt. no. 62, ex. B), plaintiff ultimately withdrew that motion and filed the instant motion with a January 12, 2012 hearing date.  (Dkt. Nos. 42, 43.)  In the course of the parties' meet-and-confer efforts, defendants agreed to permit withdrawal of the deemed admissions as to Request Nos. 1-5 and 13.[2]  However, Request Nos. 6-12 remain at issue.

DISCUSSION

With regards to requests for admission, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  See Fed. R. Civ. P. 36(a)(3).  "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."  Fed. R. Civ. P. 36(b).

---

[2]  The parties submitted a stipulation and proposed order to withdraw the deemed admissions as to Request Nos. 1-5 and 13 for the court's approval.  (See Dkt. No. 65.)

4

"[T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Id.; see also Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995) ("Two requirements, therefore, must be met before an admission may be withdrawn: (1) presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal.") "[A] district court's failure to consider these factors will constitute an abuse of discretion." Conlon v. United States, 474 F.3d 616, 625 (9th Cir. 2007).

However, Rule 36(b) is permissive – even if its two factors are satisfied (for withdrawing an admission), a court may still deny relief to withdraw the admissions. See e.g. Conlon, 474 F.3d at 625 ("Therefore, when a district court finds that the merits of the action will be subserved and the nonmoving party will not be prejudiced, it 'may' allow withdrawal, but is not required to do so under the text of Rule 36(b).") "[T]he district court may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." Id.

Presentation of the Merits

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." Conlon, 474 F.3d at 622 (citing Hadley, 45 F.3d at 1348). "Thus, the question is not whether allowing the deemed admissions would have any effect on a trial on the merits of the case; it is whether it would eliminate the need to reach a trial on the merits at all." Carden v. Chenega Security & Protection Servs., LLC, 2011 WL 1344557, at *2 (E.D. Cal. Apr. 8, 2011).

In Conlon, the plaintiff alleged that the Parole Commission was negligent in issuing a warrant for his arrest resulting in his incarceration. Id. at 619. In the course of discovery, the plaintiff failed to respond to the government's requests for admission. Id. at 619-20. The requests included solicitations to admit that the "issuance of the [...] warrant was not

1    caused by any negligent or wrongful act or omission of any employee of the United States"; that

2    the "arrest was not caused by any negligent or wrongful act or omission by any employee of the

3    United States"; and that no portion of the incarceration "was caused by any negligent or wrongful

4    act or omission of any employee of the United States." Id.  The Ninth Circuit held that the

5    plaintiff satisfied the first prong of the Rule 36(b) analysis, because the government relied on

6    these admissions in its subsequent motion for summary judgment, which was granted.  Id. at 622.

7    In particular, the deemed admissions eliminated any need for presentation on the merits because,

8    pursuant to Rule 36, plaintiff had "admitted that neither the issuing of the warrant, his arrest or

9    his subsequent incarceration were caused by negligent or wrongful acts or omissions of United

10   States employees."  Id.

11           Here, defendants argue that plaintiff has not met the first prong of Rule 36(b),

12   because the matters deemed admitted by plaintiff's late responses would not completely

13   eliminate a trial on the merits.  While Request Nos. 1-5 and 13 are undoubtably dispositive of

14   large portions of plaintiff's case, defendants have already agreed that plaintiffs may withdraw

15   those admissions.  By contrast, defendants contend, Request Nos. 6-12 serve to narrow the scope

16   of factual issues concerning plaintiff's claims, but do not entirely limit plaintiff's ability to

17   present the merits of its claims.  The problem with this argument is that several of the remaining

18   requests can be construed as eliminating the presentation of the merits as to core issues in the

19   litigation.

20           For example, Request Nos. 6-8, if admitted, would establish that defendants

21   Terry, Goldman, and Helsing did not access "any NALC computer or database" after they left

22   NALC's employment.[3]  It is unclear whether the admissions only refer to defendants somehow

23   accessing the official NALC computers or databases after their employment ceased, or whether

24   _____

25       [3]  The dates in the requests roughly track the dates these former employees are alleged to
     have left NALC's employment.  (Compare Request Nos. 6-8, dkt. no. 62, ex. A and dkt. no. 63 at
26   5 with Plaintiff's Complaint, dkt. no. 1, ¶¶ 56, 70, 73.)

1   the admissions would include defendants' alleged access to any unlawful copies of databases and

2   customer lists they may have obtained prior to leaving NALC's employment.  A large part of

3   plaintiff's case relates to allegations that defendants gathered confidential and trade secret

4   information from plaintiff's computer systems while still employed by NALC, transmitting the

5   information to themselves and others, and *subsequently utilizing that information in competing*

6   *with NALC*.  (See e.g. Complaint, Dkt. No. 1, ¶¶ 99-101, 112-16, 121-22, 127-31.)  Thus, an

7   admission that defendants never accessed any NALC database (including any unlawful copies of

8   files and customer lists) after they left NALC's employment would significantly undermine

9   plaintiff's claims.

10      While this is arguably not as severe a case as Conlon, and some of plaintiff's

11  claims could potentially survive the deemed admissions, it nonetheless seems clear that the

12  merits of major portions of plaintiff's claims would be subserved.  Accordingly, the court

13  concludes that the first prong of Rule 36(b) is satisfied.

14      Prejudice

15      Under the second prong of Rule 36(b), the party relying on the deemed admission

16  has the burden of proving prejudice.  Conlon, 474 F.3d at 622.  "The prejudice contemplated by

17  Rule 36(b) is not simply that the party who obtained the admission will now have to convince the

18  factfinder of its truth.  Rather, it relates to the difficulty a party may face in proving its case, e.g.,

19  caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with

20  respect to questions previously deemed admitted."  Id. (internal citation omitted).

21      Here, defendants concede that no significant prejudice to them would result if

22  withdrawal of the admissions is permitted.  (Dkt. No. 63 at 9-10.)  The pre-trial scheduling

23  conference is currently set for February 2, 2012 (dkt. no. 44), defendants have not filed motions

24  for summary judgment based on the deemed admissions, and there is no imminent discovery cut-

25  off date.  Additionally, defendants did not rely on the deemed admissions for a significant

26  amount of time, because plaintiff served its responses to the RFAs only a few days after they

1    were due and brought a motion to withdraw the deemed admissions shortly after.  Additionally,

2    defendants would be in possession of the evidence concerning whether they accessed the data

3    base after leaving plaintiff's employ, as they would know what they did or did not do.

4    Therefore, the second prong of Rule 36(b) is also satisfied.  While defendants correctly sought to

5    eliminate what they knew, or did not know, as an issue via requests for admissions, the fact

6    remains that not much discovery needs to be done on data base access (although defendants

7    remain free to query plaintiff about what it knows on the subject).

8            Accordingly, both factors under Rule 36(b) suggest that plaintiff's motion should

9    be granted.

10           Other Factors

11           As discussed above, even if Rule 36(b)'s two factors are satisfied, a court may

12   still deny relief.  See e.g. Conlon, 474 F.3d at 625.  "[T]he district court may consider other

13   factors, including whether the moving party can show good cause for the delay and whether the

14   moving party appears to have a strong case on the merits."  Id.

15           In this case, plaintiff has not shown good cause for the delay in responding to the

16   RFAs.  Plaintiff merely asserts that its "failure to timely file responses was due to inadvertent

17   miscalendaring of the response date by reference to the California Rules of Civil Procedure."

18   (Dkt. No. 63 at 6.)  As defendants point out, plaintiff's simple professional negligence is not a

19   good excuse.  Nevertheless, the tardy response appears to be inadvertent, and plaintiff served

20   responses only a few days after the due date.  Furthermore, the court is unable, based on the

21   record before it, to conclude that plaintiff's claims have no merit.  As such, there is no factor

22   strongly militating in favor of a departure from the two-prong Rule 36(b) analysis outlined above.

23   Consequently, plaintiff's motion to withdraw the deemed admissions to Request Nos. 6-12 will

24   be granted.  The deemed admissions to Request Nos. 1-5 and 13 will also be withdrawn pursuant

25   to the parties' stipulation and order signed concurrently with this order.

26   \\\\\

1    The court recognizes, however, that this is not the first time that plaintiff has been

2 dilatory and neglectful with respect to discovery in this case.  Defendants were previously forced

3 to bring a motion to compel further initial disclosures and further responses to an interrogatory.

4 (Dkt. No. 31.)  In resolving that motion, the court found that many of plaintiff's disclosures and

5 responses were deficient, plaintiff failed to confer diligently and in good faith with respect to the

6 discovery dispute, plaintiff failed to participate meaningfully in the creation of a joint statement,

7 plaintiff submitted its own untimely statement regarding the discovery disagreement one day

8 prior to the hearing, and failed to appear at the hearing when the case was called.[4]  (See Dkt. No.

9 38.)  Consequently, plaintiff was sanctioned.  (Id.)  Plaintiff is cautioned that future dilatory

10 discovery conduct and missed deadlines will not be tolerated and may result in the imposition of

11 further sanctions.

12 CONCLUSION

13    For the foregoing reasons, IT IS HEREBY ORDERED THAT:

14    1.  Plaintiff's motion to withdraw admissions (dkt. nos. 42, 64) is granted;

15    2.  The deemed admissions in response to Request Nos. 6-12 are withdrawn;

16    3.  The deemed admissions in response to Request Nos. 1-5 and 13 are withdrawn

17 pursuant to the parties' stipulation and order signed concurrently with this order; and

18    4.  No issue was raised concerning the substance of the late filed responses to the

19 requests for admission, and those responses shall now stand.

20 DATED: January 13, 2012

21                      /s/ Gregory G. Hollows
                    UNITED STATES MAGISTRATE JUDGE

22

23 GGH/wvr
   NALC.1284.RFA.withdraw.wpd

24

---

25    [4]  Plaintiff's counsel have since explained that they arrived to the courthouse later than
   intended, because they took the wrong exit, got lost, and could not find parking, and that they
26 have now purchased a GPS system.  (Dkt. No. 66 at 2.)