IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORTH AMERICAN LUBRICANTS
COMPANY,

       Plaintiff,                    No. CIV S-11-1284 KJM GGH

    v.

SHANE A. TERRY, et al.,

       Defendants.             <u>ORDER</u>

         /

       Plaintiff North American Lubricants Company ("NALC") is a manufacturer and wholesale distributor of passenger car lubricating oils. Defendant Shane Terry was the president of NALC until he resigned and formed a new company, defendant United Petroleum Company, LLC ("UPC"), which offers products and services that compete with NALC. At least two of NALC's former national account sales managers, defendants Goldman and Hensing, also joined UPC in the first half of 2011. The remaining defendants are other executives, members, and/or directors of UPC. In this action, NALC alleges that defendants committed a variety of wrongful conduct, including defendants Terry, Goldman, and Hensing accessing and transmitting NALC's confidential information to one or more of defendants before leaving their employment with NALC; misappropriating NALC's trade secrets; soliciting NALC's employees and customers;

1

and using logos, advertising, and trade dress for UPC products that are confusingly similar to NALC's trademark and advertising.[1]

Presently before the court are four discovery motions filed by defendants and noticed for hearing on January 19, 2012: (1) a motion to compel further responses to defendants' interrogatories, set one (dkt. no. 46); (2) a motion to compel further responses to defendants' interrogatories, set two (dkt. no. 45); (3) a motion to compel further responses and production in regards to defendants' request for production of documents, set one (dkt. no. 47); and a motion for a protective order regarding plaintiff's requests for production of documents, set one, to defendant UPC (dkt. no. 50). The court has previously adjudicated two other discovery disputes. See Docket Nos. 38, 69.

After reviewing the parties' joint statements, it is readily apparent that the parties have not made sufficient efforts to informally resolve their copious discovery disputes. Patterns of improper discovery conduct are discernable. Instead of requesting reasonable extensions of time to respond *in advance*, plaintiff continues to miss discovery deadlines, delay informal discussions until well after a motion is filed, and serve supplemental responses at the last minute, making informal resolution difficult at best. On the other hand, the volume and breadth of defendants' written discovery is starting to border on the coercive. The court is troubled by the fact that there are apparently 268 document requests propounded on plaintiff by defendants, along with several other sets of interrogatories and requests for admission. The combination of these factors is a recipe for unproductive conflict, delay, and successive rounds of discovery battles. Moreover, the court is caught in the crossfire and is an unwilling participant. In the last three months alone, the parties have already filed a total of 6 discovery motions, imposing a

---

[1] NALC asserts the following causes of action: (1) violation of the Computer Fraud and Abuse Act; (2) violation of the Arizona Trade Secrets Act; (3) misappropriation/conversion; (4) breach of contract; (5) breach of implied covenant of good faith and fair dealing; (6) tortious interference with contract; (7) unfair competition (Lanham Act sections 32 and 43(A)); (8) unfair competition (common law); (9) unfair business practices; and (10) breach of fiduciary duty by corporate officers/managers. (Compl. ¶¶ 94-172.)

significant burden on the court's docket and resources.

Additionally, one of the primary problems is that plaintiff has yet to define precisely what trade secrets it claims the defendants misappropriated. Although plaintiff has apparently produced its "Constant Contacts" database of customers and suppliers, its supplemental responses still make vague references to various other items and overbroad categories that are claimed to be trade secrets. Because plaintiff has yet to itemize and describe all its claimed trade secrets with the requisite particularity, it is virtually impossible for the court to frame the appropriate scope of discovery in this matter.

In light of the above, the court will vacate the hearing and deny the pending motions without prejudice, vacate the deadlines for all presently issued written discovery requests, and schedule a discovery planning conference in this matter. The goal of the discovery planning conference will be to develop a discovery plan tailored to the claims and potential defenses at issue, and to impose appropriate limitations. Prior to the discovery planning conference, the parties will be required to confer, draft, and file a joint statement outlining:

(a) The parties' substantive claims, as well as the damages and other types of relief sought;

(b) The <u>specific</u> issues on which discovery should be conducted, and how these issues relate to the claims and type of relief sought;

(c) The proposed method(s) of discovery (including specific depositions) and the approximate number of "paper" discovery requests proposed to be propounded with respect to each issue;

(d) Any specific, <u>narrowed</u> issues pertaining to discovery that remain in dispute; and

(e) Any other matters which may be conducive to alleviating undue burdens of discovery.

Furthermore, in its portion of the joint statement, plaintiff shall provide an itemized list of the trade secrets it alleges defendants misappropriated. Within that listing, each trade secret (e.g. a particular database, list, formula, marketing plan, etc.) shall be set forth in a separate numbered paragraph and described with particularity (e.g. by author(s) or other

\\\\\

appropriate title, approximate date of creation, subject matter, basis for trade secret claim, etc.). Plaintiff shall not include vague and undefined terms and surplusage.

CONCLUSION

        For the foregoing reasons, IT IS HEREBY ORDERED THAT:

        1. The January 19, 2012 hearing is vacated;

        2. The pending discovery motions (dkt. nos. 45, 46, 47, and 50) are denied without prejudice;

        3. The deadlines for all presently issued written discovery requests are vacated;

        4. A discovery planning conference in this matter is scheduled for February 16, 2012, at 10:00 a.m.

        5. The parties shall file a joint statement in accordance with this order by February 6, 2012.

DATED: January 18, 2012

                          /s/ Gregory G. Hollows
                         UNITED STATES MAGISTRATE JUDGE

GGH/wvr
NALC.1284.disc.conf.wpd

4